```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/19/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HECTOR J. LAZALA,                                :
                                                 :
                          Plaintiff,             :
                                                 :         **MEMORANDUM ORDER**
                  -v-                            :
                                                 :         21-CV-9412 (JLC)
                                                 :
MEGA FOOD STORE INC., *et al.*,                  :
                                                 :
                          Defendants.            :
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 45), and they have submitted a joint letter (Dkt. No. 44) and a fully executed settlement agreement (Dkt. No. 44-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given Defendants' apparent financial situation as a result of the COVID-19 pandemic (requiring a payment schedule of the settlement amount), the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to

collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter as well as the proposed settlement agreement, and given that I participated in a lengthy settlement conference with the parties to resolve this case, the Court finds that all of the terms of the proposed settlement (including the allocation of attorney's fees as one-third of the settlement amount) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and other applicable case law).[1]  Accordingly, the proposed settlement is hereby approved.

Separately, plaintiff has moved to substitute David Lazala, the Administrator of the Estate of Hector Lazala, as the plaintiff in this action pursuant to Rule 25(a) of the Federal Rules of Civil Procedure (Dkt. No. 38).  In support of the motion, which defendants have not opposed, he submits a memorandum of law (Dkt. No. 40) and a declaration from counsel (Dkt. No. 39), the Declaration of Martin E. Restituyo dated July 11, 2022 ("Restituyo Decl.").  To substitute a party pursuant to Rule 25(a)(1), (1) the motion must be timely; (2) the claims must survive the decedent's death; and (3) the party sought to be substituted for the decedent must be a proper party.

---

[1] Notably, plaintiff's counsel graciously waived his right to collect his expenses.

*See, e.g., Lai Yoong Low v. Tian Yu Inc.,* No. 12-CV-7237 (HBP), 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9, 2015).

In this case, plaintiff's motion is timely (as it was filed less than 90 days from the date of Hector Lazala's death). *See, e.g., Low*, 2015 WL 1011699, at *2; Restituyo Decl., Exhibit 1 (death certificate). Additionally, the claims survive his death. *See, e.g., Martinez v. 35-50 81st St. Realty LLC,* No. 20-CV-3167 (MKB) (SJB), 2021 WL 2877415, at *1 (E.D.N.Y. June 21, 2021) (as FLSA is remedial statute, claim not extinguished by plaintiff's death), *adopted by*, 2021 WL 2856720 (July 8, 2021). Finally, David Lazala is the proper party to substitute for his deceased father as he has been declared the administrator of the estate. *See, e.g., Nachshen v. BPP ST Owner LLC*, No. 18-CV-10994 (JPC), 2021 WL 5042855, at *2 (S.D.N.Y. Oct. 29, 2021) ("While the text of Rule 25 does not define 'proper party,' courts in this Circuit have generally interpreted the 'proper party' to be the person 'who has the legal right and authority to pursue the claims.'") (citation omitted); Restituyo Decl., Exhibit 2 (decree granting limited letters of administration). Accordingly, the motion is granted.

Lastly, given the settlement, the motion for default judgment (Dkt. No. 20) is denied as moot.

As provided in paragraphs 3 and 5 of the settlement agreement, the Court will retain jurisdiction over this case for the sole purpose of enforcing the parties' settlement.

The Clerk is directed to mark Docket No. 38 as "granted," to mark Docket No. 20 as "denied as moot," and to close this case.

**SO ORDERED.**

Dated: July 19, 2022
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge